18646

Daisy C. Roper PAGE, James E. Taylor and Mary P. Taylor, Respondents, v. Clara B. COX, Douglass B. "Bud" Cox, and David Bagwell, a Minor, by his Guardian *ad Litem,* Clara B. Cox, Appellants.

(154 S. E. (2d) 568)

*J. Wiley Brown, Esq.,* of Greenville, *for Appellants.*

*Charles W. Spence, Esq.,* of Greenville, *for respondents,*

May 8, 1967.

BRAILSFORD, Justice.

In this action for damages for trespass upon real estate, which was tried in the Greenville County Court, the jury awarded plaintiffs a verdict of $1,500.00 actual damages and

$5,000.00 punitive damages. Defendants' motion for a new trial was refused by the court and defendants have appealed. They state the sole question involved to be: "Was the verdict of the jury for punitive damages so entirely excessive as to be based upon prejudice and caprice, as to shock the conscience of the Court?"

The evidence is susceptible of the inference that defendants were guilty of intentional and flagrant trespasses upon plaintiffs' land, which caused substantial damage to their property and disturbed them in the peaceful occupancy of their dwelling house; and that this conduct was persisted in for more than a year after express notice to defendants that plaintiffs' rights were being invaded.

It must be and is conceded that the evidence justified the award of punitive damages. Only the amount thereof is challenged. The trial judge, in the exercise of his discretion, determined that "the verdict was neither unduly liberal nor based on passion, prejudice or caprice as to any or all of the defendants." We are convinced that this conclusion has sufficient support in the evidence.

According to the settled rule, this court may reverse on the ground that the verdict is excessive only in those extreme cases in which the amount awarded is so shockingly excessive as manifestly to show that the jury was actuated by caprice, passion or prejudice. This is not such a case. See *Hicks v. Herring*, 246 S. C. 429, 144 S. E. (2d) 151, and cited authorities.

Affirmed.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.